## UNITED STATES v. SABOURIN.
### No. 62, Docket 20324.

Circuit Court of Appeals, Second Circuit.

Oct. 31, 1946.

Writ of Certiorari Denied Jan. 6, 1947.

See 67 S.Ct. 493.

Louis J. Castellano, of Brooklyn, N. Y., for appellant.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith and Edward S. Szukelewicz, Asst. U. S. Attys., both of Brooklyn, N. Y.), for appellee.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

In October 1944 an indictment was filed against the defendant charging him with criminal liability under the income tax provisions of the Internal Revenue laws for the calendar years 1935 to 1941, inclusive.[1] Count One of the indictment alleged that an income tax of $696.36 was due from the defendant for the calendar year 1935 and

---

[1] The indictment was in eight counts. Only Count One, which related to the 1935 tax, is reproduced in the record, but it was conceded upon the argument, and is fairly inferable from the compromise agreement hereafter set out, that each of the other tax years involved was covered by a separate count. The nature of the eighth count does not appear.

that in April 1939 he wilfully attempted to evade and defeat said tax by making a false and fraudulent delinquent tax return which showed no tax liability for said year 1935, in violation of section 145(b) of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 145(b). Before the indictment came to trial, the defendant made an offer to compromise his civil and criminal liability which the Attorney General accepted pursuant to statutory authorization, 26 U.S.C.A.Int.Rev.Code, § 3761. The agreement was embodied in a letter of the Attorney General, dated November 9, 1945, addressed to counsel for the defendant, and reading as follows:

"In re: United States v. Raymond N. Sabourin.

"Gentlemen:

"This refers to your letter of September 12, 1945, addressed to the Attorney General, wherein you offered on behalf of your client, the defendant, to pay the sum of $27,100.04 and to enter a plea of guilty to Count One of the indictment in settlement of the matter. The money payment covers the defendant's liability for taxes, penalties, and interest for the years 1935 to 1941, inclusive, and the plea is to be in discharge of the indictment.

We are pleased to advise you that the offer referred to has been accepted on behalf of the Attorney General, subject only to the condition that you execute a stipulation disposing of the case now pending in the Tax Court. The stipulation is in the hands of the United States Attorney.

"Sincerely yours,
"For the Attorney General,
"Samuel O. Clark, Jr.,
"Assistant Attorney General."

Thereafter the defendant made the money payment required by the compromise, executed the requested stipulation for disposition of the case pending in the Tax Court, and entered a plea of guilty to Count One of the indictment. On Count One he was sentenced to nine months' imprisonment and the other counts of the indictment were thereupon dismissed on motion of the United States Attorney. Before sentence was imposed and immediately thereafter by motion to set it aside, which the court denied, the defendant questioned the court's power to impose a sentence after acceptance by the Attorney General of the offer of compromise. The appeal presents the same contention. The defendant was released on bail pending appeal.

■ The appellant argues that the compromise agreement should be construed to mean that the payment of $27,100.04 settled his liabilities—criminal as well as civil—for taxes, interest and "penalties," and that his "plea" was to be merely an admission of guilt without the judicial consequences which normally follow a plea of guilty. Had the indictment contained but one count relating to a single tax year, or if its eight counts were merely different ways of stating the same crime, there might be some reason to think that the plea meant only a confession. But since the settlement covered seven tax years and it was conceded upon argument that each of the years was dealt with in a separate count of the indictment (i. e., each count dealt with a separate and distinct offense), we think it clear that the compromise must be construed to mean that the money payment settled the taxpayer's civil liability for taxes, interest and "additions to the tax" imposed by 26 U.S.C.A.Int.Rev.Code, § 293(b), which the parties called "penalties," and that the accused was to accept a sentence on Count One, if the other counts of the indictment were "discharged." In other words, the defendant made his peace by paying up and pleading guilty to one crime out of seven.

■ With the agreement so construed, there can be no question as to the court's power to impose the prison sentence. The civil sanctions of § 293(b) are distinct from the criminal sanctions of § 145(b), and the invocation of one does not exclude resort to the other. Spies v. United States, 317 U.S. 492, 495, 63 S.Ct. 364, 87 L.Ed. 418; Helvering v. Mitchell, 303 U.S. 391, 399. A plea of guilty is more than an extrajudicial confession; "it is itself a conviction." Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009. Thereupon it becomes the duty of the court to impose sentence. Rules of Criminal Procedure, Rule 1, 18 U.S.C.A. following sec-

tion 688. As was said in Burr v. United States, 7 Cir., 86 F.2d 502, 504, certiorari denied 300 U.S. 664, 57 S.Ct. 507, 81 L.Ed. 872: "The court could not close the case with a plea of guilty dangling in the air."

Judgment affirmed.