WILLIAM H. SCHWENER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schwener v. Commissioner
Docket No. 10079-84.
United States Tax Court
T.C. Memo 1987-594; 1987 Tax Ct. Memo LEXIS 593; 54 T.C.M. (CCH) 1239; T.C.M. (RIA) 87594; December 3, 1987. John J. Casey, for the petitioner. John Q. Walsh, Jr., for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined deficiencies and additions to tax in petitioner's Federal income tax as follows: Additions to Tax
Taxable Year Ended
Deficiency
[1]Section 6653(b) December 31, 1979
$ 8,164
$ 4,335
December 31, 1980
$ 8,067
$ 4,034
*594 The sole issue for our determination is whether a plea agreement entered into between the U.S. Attorney and petitioner concerning a criminal matter binds respondent with respect to petitioner's civil tax liabilities. FINDINGS OF FACT Some of the facts are stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner was incarcerated at the Federal Correction Institution of Lexington, Kentucky, when he filed his petition in this case. Petitioner's permanent residence was located in Springfield, Illinois. During taxable year 1979, petitioner operated a construction business from which he derived income during taxable years 1979 and 1980, petitioner realized interest and rental income. Petitioner declared income on these items on his Form 1040 Federal individual income tax returns for taxable years 1979 and 1980. [2]
*595 During taxable years 1979 and 1980, petitioner also was engaged in the illegal distribution of controlled substance, including marijuana and cocaine. Petitioner realized income from his participation in the illegal distribution of these controlled substances. Petitioner did not report this income on his Form 1040 Federal individual income tax returns for taxable years 1979 and 1980. Petitioner admits that he willfully failed to report a portion of his income tax liability on his 1979 and 1980 Form 1040 returns, with the intent to evade tax in each year. Petitioner was the defendant in the criminal case of United States of America v. William H. Schwener, Docket No. CR 82-30078 (C.D. Ill.) (the "criminal case"). In September 1983, the United States filed a 13 count indictment which charged petitioner with violations of Federal statutes. In addition to other charges, [3] petitioner was charged with the following crimes: Count 1
Conspiracy to distribute cocaine in
violation of 21 U.S.C. section
841(a)(1).
Count 9
Conspiracy to defraud the United States,
in particular the Internal Revenue
Service of the Department of the
Treasury, in violation of 18 U.S.C.
section 371.
Counts 10 and 11
Making a false Federal individual income
tax return in violation of 26 U.S.C.
section 7206(1) for taxable years 1979
and 1980.
*596 On or about October 28, 1983, petitioner and the United States entered into a Plea Agreement ("Plea Agreement"). Pursuant to the Plea Agreement, petitioner agreed to plead guilty to Counts 1, 9, 10, and 11 of the indictment. The Plea Agreement was signed by petitioner, petitioner's counsel, John J. Casey ("Casey"), and Larry A. Mackey ("Mackey"), First Assistant U.S. Attorney for the U.S. Attorney's Office in Springfield, Illinois. With respect to Counts 10 and 11, the Plea Agreement provided that the agreed appropriate disposition was "[f]ive (5) years probation with a condition that he [petitioner] pay all taxes, penalties, and interest for the calendar years 1979 and 1980." Further, *597 the Plea Agreement stated, in pertinent part: Based upon an analysis of all transactions, * * * the government's proof would be that WILLIAM SCHWENER understated his 1979 adjusted gross income in the amount of at least $ 23,129.80 and understated his 1980 adjusted gross income in the amount of at least $ 23,689.97. An itemization of the government's evidence of unreported income and tax liability is set forth in Exhibit 1 and attached to this plea agreement. [Emphasis supplied.] The Plea Agreement refers to Exhibit No. 1 (the "Exhibit" or "Exhibit No. 1") attached thereto as "[a]n itemization of the government's evidence of unreported income and tax liability." Exhibit 1 was attached to the Plea Agreement to allow the District Court to determine that petitioner had violated Federal revenue laws. Exhibit No. 1 contains an error in that the figures for "Unreported Income" at the bottom of page 2 of the Exhibit were used as the figures for "Adjusted Gross Income as Corrected" at the top of page 3 of the Exhibit. As a result, the computation of taxes, penalties and interest contained in Exhibit No. 1 is erroneous because it is based on petitioner's unreported income *598 alone and does not include petitioner's reported adjusted gross income on his Form 1040 returns for taxable years 1979 and 1980. Neither Mackey nor Casey were aware of the mistake in Exhibit No. 1 at the time of the execution of the Plea Agreement. On December 7, 1983, the U.S. District Court entered judgment pursuant to the Plea Agreement. The judgment order stated: It is a Special Condition of probation that the defendant [petitioner] pay all taxes, penalties and interest for the calendar years 1979 and 1980. Respondent, a party on privity with the U.S. Government in petitioner's criminal case, discovered the mistake in Exhibit 1 in January of 1982. On January 31, 1984, respondent timely mailed to petitioner a notice of deficiency determining deficiencies in petitioner's Federal income taxes and additions to tax under section 6653(b) for taxable years 1979 and 1980. Due to the inadequacy of petitioner's books and records, respondent determined petitioner's unreported income by a net worth plus expenditures method based on Exhibit 1 of the Plea Agreement. However, unlike Exhibit 1, respondent's notice of deficiency utilized figures for reported income and unreported income *599 in his computation of petitioner's civil tax liability. OPINION The sole issue before us is whether a plea agreement entered into between the U.S. Attorney and petitioner concerning a criminal matter binds respondent with respect to petitioner's civil tax liabilities. Petitioner asserts that respondent is bound by the Plea Agreement in petitioner's criminal case and that, as the notice of deficiency includes reported income in its calculations unlike Exhibit 1 of the Plea Agreement, respondent's notice of deficiency is not valid. Respondent contends that petitioner has failed to show that the Plea Agreement compromised petitioner's civil liabilities for taxes and penalties in amounts less than the amounts determined in respondent's deficiency notice. Moreover, respondent asserts that the Plea Agreement, when properly construed, supports respondent's determination of deficiencies and additions to tax. We agree with respondent for the following reasons. When a criminal proceeding is undertaken, the government does not surrender its right to collect tax deficiencies or civil fraud additions. Helvering v. Mitchell,303 U.S. 391 (1938); United States v. Sabourin,157 F.2d 820 (2d Cir. 1946), *600 cert. denied 329 U.S. 800 (1947). The proceedings are distinct, and a judgment in one proceeding does not preclude resort by respondent to the other. Spies v. United States,317 U.S. 492, 495 (1943); United States v. Sabourin, supra.See also Harper v. Commissioner,54 T.C. 1121, 1138 (1970). [4] However, it has long been established that estoppel in a civil case may be based on a judgment in a prior criminal case. Tomlinson v. Lefkowitz,334 F.2d 262, 264 (5th Cir. 1964); Amos v. Commissioner,43 T.C. 50 (1964), affd. 360 F.2d 358 (4th Cir. 1965); Arctic Ice Cream Co. v. Commissioner,43 T.C. 68 (1964); cf. Monjar v. Commissioner,13 T.C. 587, 614 617 (1949). The doctrine of collateral estoppel precludes relitigation of any issue of fact or law that is actually litigated and necessarily determined by a valid and final judgment. Montana v. United States,440 U.S. 147, 153 (1979); see Restatement, Judgments 2d, sec. 27 (1982). Its purpose is to avoid repetitious litigation of issues *601 between the same parties of their privies. See Jaggard v. Commissioner,76 T.C. 222, 223 (1981). The doctrine, however, "must be confined to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged." Commissioner v. Sunnen,333 U.S. 591, 599-600 (1948); see Cromwell v. County of Sac,94 U.S. 351, 353 (1876). Respondent was a party in privity with the U.S. Government in petitioner's criminal case. We conclude that respondent is not collaterally estopped by the erroneous computations in Exhibit No. 1 of the Plea Agreement as to the specific civil tax liability of petitioner. This calculation in Exhibit No. 1 was attached to the Plea Agreement to enable the District Court to determine that petitioner had violated Federal laws. The exact calculations of Exhibit No. 1 were not essential to the judgment of conviction in the criminal case. [5]
*602 Moreover, the high standard of proof imposed on the Government in criminal proceedings commonly results in the use of taxable income figures for purposes of a criminal prosecution that are different from those used for civil purposes in determining the taxpayer's corrected Federal income tax liability. See One Lot Emerald Cut Stones and One Ring v. United States,409 U.S. 232, 235 (1972); Helvering v. Mitchell,303 U.S. 391, 402-403 (1938). Petitioner offered no credible evidence to support his claim that respondent agreed that the Exhibit No. 1 figures used in the criminal proceeding would also be used by respondent in a civil context. The Plea Agreement is silent as to petitioner's correct civil tax liability. Furthermore, the language of the Plea Agreement underscores that the potential existed that a civil examination would find that petitioner owed additional income by stating that petitioner understated his income by "at least" $ 23,192.80 and $ 23,689.97 in taxable years 1979 and 1980, respectively. Respondent's determination of a deficiency in tax is presumptively correct and petitioners bear the burden of proving it wrong. Welch v. Helvering,290 U.S. 111, 114 (1933); *603 Rule 142(a). This Court will not look behind the notice of deficiency to examine the evidence used, the propriety of respondent's motives, the adminstrative policy or the procedure followed by respondent in the determination of a statutory notice of deficiency. Dellacroce v. Commissioner,83 T.C. 269, 280 (1984); Riland v. Commissioner,79 T.C. 185, 201 (1982); Llorente v. Commissioner,74 T.C. 260 (1980), affd. in part, revd. in part and remanded in part 649 F.2d 152 (2d Cir. 1981); Jackson v. Commissioner,73 T.C. 394 (1979); Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 327 (1974). The underlying rational for the foregoing is that a trial before this Court is a trial de novo proceeding. Our determination of a taxpayer's tax liability is based on the merits of the case as presented and is not based on an administrative record. Greenberg's Express, Inc. v. Commissioner, supra.
However, in cases involving unreported illegal income, courts have recognized an exception to the general rule of Greenberg's Express, Inc., where respondent introduces no substantive *604 evidence and merely relies on the presumption of correctness as to the determinations within the statutory notice of deficiency and where the taxpayer has challenged the determination within such notice of deficiency as arbitrary and unreasonable. Dellacroce v. Commissioner, supra;Llorente v. Commissioner, supra;Jackson v. Commissioner, supra. Here, petitioner admits that he received unreported and reported income during taxable years 1979 and 1980. However, petitioners asserts as his only argument that the calculations in Exhibit No. 1 of the Plea Agreement in petitioner's criminal case bind respondent in his calculations for petitioner's civil tax liabilities. We have held that respondent is not so bound. As such, respondent's determinations are entitled to the presumption of correctness such that petitioners shall bear the burden of going forward as well as the burden of proof in this case. Welch v. Helvering, supra; Rule 142(a). Petitioner clearly has not carried his burden of proof in this case. Petitioner elected to rely on one legal argument rather than to challenge respondent's determination with credible evidence. *605 Thus, respondent's deficiencies are sustained. [6]
Section 6653(b) [7] provides an addition to tax of 50 percent of the amount of tax deficiencies if any part of the underpayment was due to fraud. To sustain fraud determinations under section 6653(b), respondent has the burden of proving by clear and convincing evidence (1) that there was an underpayment of tax and (2) that some portion of the underpayment for each year was due to fraud. Sec. 7454(a); Rule 142(b). Substantial underpayments of tax for 1979 and 1980 have been clearly and convincingly shown. Accordingly, the first element of fraud is established. *606 To establish the second element under section 6653(b), respondent must demonstrate by clear and convincing evidence that the taxpayer had the specific intent to evade a tax due and owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. Stolzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968), cert. denied 393 U.S. 1020 (1969); Stringer v. Commissioner,84 T.C. 693, 713 (1985), affd. without published opinion 789 F.2d 917 (4th Cir. 1986). Fraud need not be established by direct evidence, but may be established from all relevant facts and circumstances. Goldberg v. Commissioner,239 F.2d 316, 320 (5th Cir. 1956); Kotamir V. Commissioner,86 T.C. 1253, 1260 (1986); Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). The U.S. District Court, based on petitioner's plea bargaining agreement, entered a finding of guilty for two counts of making a false tax return in violation of section 7206(1). This Court has held that the intent to evade taxes is not an element *607 of the crime charged under section 7206(1). Wright v. Commissioner,84 T.C. 636, 643 (1985). Thus, a conviction under section 7206(1) does not establish as a matter of law that the taxpayer violated his legal duty with an intent, or in an attempt, to evade taxes. Wright v. Commissioner, supra.However, we do not base our finding that respondent has met his burden or proof as to the addition of tax under section 6653(b) on petitioner's criminal conviction under section 7206(1). Rather, petitioner had admitted in his reply and on brief and the parties have stipulated that petitioner willfully failed to report a part of his income tax liability on his income tax return for taxable years 1979 and 1980, with the intent to evade tax in each year. Accordingly, we are compelled to find that petitioner is liable for the addition to tax under section 6653(b) for the taxable years in issue. Based on the record before us, petitioner is liable for the deficiencies and additions to tax under section 6653(b) for taxable years 1979 and 1980 as determined by respondent. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. For taxable year 1979, petitioner declared $ 1,331 in interest income, $ 751 in rental income, and $ 2,999 in Schedule C business income from the construction business. For taxable year 1980, petitioner declared $ 2,496 in interest income and $ 317 in rental income. ↩
3. Petitioner was also charged with the following offenses: (1) possession with intent to distribute cocaine in violation of 21 U.S.C. sec. 841(a)(1); (2) possession with intent to distribute marijuana in violation of 21 U.S.C. sec. 841(a)(1); (3) interstate travel in aid of racketeering in violation of 18 U.S.C. sec. 1952; and (4) obstruction of justice in violation of 18 U.S.C. sec. 1503↩. 4. See Kinkaid v. Commissioner,T. C. Memo. 1987-548↩. 5. See Cipparone v. Commissioner,T.C. Memo. 1985-234; Keogh v. Commissioner,T.C. Memo. 1975-197↩. 6. Neither party addressed the potential application of sec. 7122 to this case. We do not find any indication from the record that the U.S. Attorney was acting under this statute. Respondent was a party in privity with the U.S. Government in petitioner's criminal case; however, no civil case with respect to petitioner was ever referred to First Assistant U.S. Attorney Mackey. ↩
7. Sec. 6653(b) provides, in pertinent part, as follows: (b) Fraud. -- (1) In General. -- If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. ↩