113 T.C. No. 14


UNITED STATES TAX COURT


MARTIN AND BARBARA SCHACHTER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]


Docket No. 2939-96.                Filed September 14, 1999.


<u>Held</u>:  No credit is allowed against civil
fraud additions to tax for a criminal fine
imposed under sec. 7201, I.R.C., and 18
U.S.C. secs. 371, 3622, and 3623 (Supp. II,
1984).


<u>Martin A. Schainbaum</u> and <u>David B. Porter</u>, for petitioners.

<u>Paul J. Krug</u>, for respondent.

_____

[*]    This Opinion supplements our Memorandum Opinion in <u>Schachter</u>
<u>v. Commissioner</u>, T.C. Memo. 1998-260.

SUPPLEMENTAL OPINION

SWIFT, <u>Judge</u>:  This matter is before us under Rule 155 on the parties' disputed computations of the decision to be entered herein.

The issue for decision is whether petitioners should be allowed a credit against civil fraud additions to tax for a $250,000 criminal fine imposed on petitioner Martin Schachter (petitioner).

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

On September 23, 1993, petitioner pleaded guilty under section 7201 to one count of income tax evasion and to one count of conspiracy under 18 U.S.C. section 371 (1988) to defraud the United States with respect to his individual Federal income tax liability for 1986.  In connection with the above plea, under the authority of 18 U.S.C. sections 3622 and 3623 (Supp. II, 1984), now repealed and replaced by 18 U.S.C. sections 3572 and 3571 (1994), respectively, a Federal District Court judge sentenced petitioner to serve 2 years in prison, to pay a fine of $250,000 (criminal fine), and to pay restitution to the Internal Revenue Service of $161,845.

After petitioner's criminal conviction and sentencing,

respondent determined and we sustained income tax deficiencies and civil fraud additions to tax relating to petitioners' tax years 1985, 1986, 1987, and 1988. See Schachter v. Commissioner, T.C. Memo. 1998-260.

In their respective Rule 155 computations, without application of the claimed credit for the $250,000 criminal fine, the parties agree that petitioners are liable for the following deficiencies and additions to tax:

| | | Additions to Tax | | | | | | | |
|------|------------|-----------|--------------|--------------|-----------|--------------|--------------|-----------|-----------|
| | | Sec. 6653 | Sec. 6653 | Sec. 6653 | Sec. 6653 | Sec. 6653 | Sec. 6653 | Sec. 6653 | Sec. |
| Year | Deficiency | (a)(1) | (a)(1)(A) | (a)(1)(B) | (b)(1) | (b)(1)(A) | (b)(1)(B) | (b)(2) | 6661 |
| 1985 | $163,048 | -- | -- | -- | $81,524 | -- | -- | ** | $40,762 |
| 1986 | 163,948 | -- | $179 | * | -- | $120,280 | ** | -- | 40,987 |
| 1987 | 109,791 | -- | 662 | * | -- | 72,408 | ** | -- | 27,448 |
| 1988 | 21,488 | $39 | -- | -- | 12,262 | -- | -- | -- | 5,372 |

\* 50 percent of interest due on portion of underpayment attributable to negligence.

\*\* 50 percent of interest due on portion of underpayment attributable to fraud.

Throughout litigation of this case, petitioners have maintained that imposition of the civil fraud additions to tax on top of petitioner's 2-year prison sentence and the $250,000 criminal fine would constitute double jeopardy and would violate the U.S. Constitution. The Supreme Court, however, has held that Congress may impose both criminal and civil sanctions with regard to the same acts without violating the double jeopardy clause of the U.S. Constitution. See Helvering v. Mitchell, 303 U.S. 391, 399 (1938); see also Hudson v. United States, 522 U.S. 93 (1996);

Kennedy v. Mendoza-Martinez, 372 U.S. 144 (1963); Spies v. United States, 317 U.S. 492 (1943); Grimes v. Commissioner, 82 F.3d 286 (9th Cir. 1996), affg. Ward v. Commissioner, T.C. Memo. 1995-286.

In Spies v. United States, supra at 495 (citing Helvering v. Mitchell, supra), in explaining that Congress may impose both criminal and civil sanctions in enforcing the tax laws, the Supreme Court stated that "invocation of one does not exclude resort to the other."  See also United States v. Sabourin, 157 F.2d 820, 821 (2d Cir. 1946); and Schwener v. Commissioner, T.C. Memo. 1987-594, for the same proposition.

In light of Helvering v. Mitchell, supra, and the subsequent cases, in Schachter v. Commissioner, supra, we rejected petitioners' double jeopardy argument, and we sustained respondent's determination of the civil fraud additions to tax.

In the current computational dispute, petitioners do not again dispute -- under the double jeopardy clause of the U.S. Constitution -- imposition of both criminal and civil sanctions with regard to the same acts.  Rather, petitioners argue that the $250,000 criminal fine that was imposed on petitioner should be allowed as a credit against the civil fraud additions to tax for 1985, 1986, 1987, and 1988 that were determined by respondent against petitioner and that were sustained in our prior opinion.

Helvering v. Mitchell, supra, and its progeny do not directly address whether taxpayers have a right to credit against civil fraud additions to tax the amount of related criminal

fines.

Petitioners' argument is premised on the notion that the $250,000 criminal fine did not constitute punishment, that it served only remedial purposes, and that it should be treated as restitution. Petitioners then appear to argue that, because respondent routinely would reduce outstanding civil income tax deficiencies by the amount of restitution, petitioners should be allowed to reduce the civil fraud additions to tax by the $250,000 criminal fine.

Petitioners also argue that the sentencing factors listed in 18 U.S.C. section 3622, which Federal District Court judges take into account in imposing fines under 18 U.S.C. section 3623, support petitioners' contention that the $250,000 criminal fine imposed on petitioner should be regarded as remedial in nature and as restitution for petitioners' civil fraud additions to tax.

Respondent disagrees with petitioners' characterization of the $250,000 criminal fine as remedial in nature. Respondent argues that Congress enacted 18 U.S.C. section 3623 to provide Federal District Court judges with alternative means to punish criminals and to deter future criminal behavior. Because criminal fines and civil fraud additions to tax serve different congressional purposes, respondent argues that petitioners should not be allowed a credit against the civil fraud additions to tax for petitioner's $250,000 criminal fine. We agree with respondent.

The Supreme Court has described civil fraud additions to tax as established "for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud." Helvering v. Mitchell, 303 U.S. at 401; see also Louis v. Commissioner, 170 F.3d 1232, 1235 (9th Cir. 1999), affg. T.C. Memo. 1996-257; Thomas v. Commissioner, 62 F.3d 97, 100 (4th Cir. 1995), affg. T.C. Memo. 1994-128; Ames v. Commissioner, 112 T.C. 304 (1999).

In Ianniello v. Commissioner, 98 T.C. 165, 182 (1992), we rejected arguments under the Double Jeopardy Clause of the U.S. Constitution that civil fraud additions to tax should not be imposed on top of criminal forfeitures under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. sections 1961-1968 (1988). We concluded in that case that criminal forfeitures under RICO constitute punishment for commission of crimes while civil fraud additions to tax constitute remedial penalties. We explained that a --

> fine and term of imprisonment imposed on the taxpayer after conviction for personal income tax evasion is punishment for the commission of a crime, and not reimbursement for costs incurred by the United States in investigating the taxpayer's fraud.

Ianniello v. Commissioner, supra at 183.

Petitioners argue that the decision in Ianniello v. Commissioner, supra, is distinguishable from the instant case because Federal District Court judges have more discretion in

imposing criminal fines than in imposing criminal forfeitures. The point, however, is not the degree of discretion a judge has in imposing a criminal fine but whether the purpose of the criminal fine is punishment.

The legislative history of 18 U.S.C. sections 3622 and 3623 indicates that fines imposed under these provisions were intended by Congress to constitute punishment for criminal acts. In 1984, Congress passed the Criminal Fine Enforcement Act of 1984, Pub. L. 98-596, 98 Stat. 3134, in order to encourage the more frequent use of fines as an alternative to, or as an addition to, imprisonment. See H. Rept. 98-906, 1 (1984). Pursuant to section 6(a) of the Criminal Fine Enforcement Act of 1984, 98 Stat. 3136, sections 3622 and 3623 were added to 18 U.S.C. chapter 229 (Fines, Penalties and Forfeitures). Under 18 U.S.C. section 3623, the amount of criminal fines that a judge could impose on individuals or corporations was increased. See H. Rept. 98-906, supra at 15-16. The House report accompanying the Criminal Fine Enforcement Act of 1984 explains that under prior law fines were regarded as too low to deter criminal conduct, and hence Congress established higher maximum fine levels. H. Rept. 98-906, supra at 16.

The increased maximum fine levels under 18 U.S.C. section 3623 were tempered somewhat by 18 U.S.C. section 3622, which required judges, in determining appropriate fines to impose, to consider factors such as a convicted offender's ability to pay

and whether restitution was ordered.[1]  H. Rept. 98-906, supra at 4, 13-15.

---

[1]    18 U.S.C. sec. 3622 provides as follows:

SEC. 3622.  Factors relating to imposition of fines

(a) In determining whether to impose a fine and the amount of a fine, the court shall consider, in addition to other relevant factors--

(1) the nature and circumstances of the offense;

(2) the history and characteristics of the defendant;

(3) the defendant's income, earning capacity, and financial resources;

(4) the burden that the fine will impose upon the defendant, any person who is financially dependent on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially dependent on the defendant, relative to the burden that alternative punishments would impose;

(5) any pecuniary loss inflicted upon others as a result of the offense;

(6) whether restitution is ordered and the amount of such restitution;

(7) the need to deprive the defendant of illegally obtained gains from the offense;

(8) whether the defendant can pass on to consumers or other persons the expense of the fine; and

*       *       *       *       *       *       *

(b) If, as a result of a conviction, the defendant has the obligation to make restitution to a victim of the offense, the court shall impose a fine or penalty only to the extent that such fine or penalty will not impair the ability of the defendant to make restitution.

Clearly, however, 18 U.S.C. section 3623 was enacted to encourage judges to impose more fines as punishment, and 18 U.S.C. section 3622 simply provides guidance to judges in deciding whether to impose a fine as punishment, and if a fine is to be imposed, the amount of the fine. The factors listed in 18 U.S.C. section 3622 do not convert the purpose of criminal fines imposed under 18 U.S.C. section 3623 into something other than punishment.

We note that if we were to allow a credit against civil fraud additions to tax for criminal fines, Congress' intent in making taxpayers responsible for a portion of the Government's cost in detecting, investigating, and prosecuting a taxpayer's fraud would be substantially frustrated.

Other arguments made by petitioners have been considered and are without merit. We reject petitioners' claim to a credit against civil fraud additions to tax for the $250,000 criminal fine.

To reflect the foregoing,

<u>Decision will be entered in accordance with respondent's computations</u>.