**I & O PUBLISHING CO., INC., Petitioner,**

**and**

**Wallace Ward, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent–Appellee.**

No. 96–70117.

United States Court of Appeals, Ninth Circuit.

Submission deferred March 14, 1997.*

Resubmitted Nov. 26, 1997.

Decided Dec. 16, 1997.

Robert Campbell, Henderson, California, for the petitioner-appellant.

Gary Allen, Tax Division, United States Department of Justice, Washington, DC, for the respondent-appellee.

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a) and 9th Cir. R. 34–4.

Before: SKOPIL, CANBY, and RYMER, Circuit Judges.

CANBY, Circuit Judge.

Wallace Ward appeals a decision of the Tax Court. Ward argues that the Tax Court violated the Double Jeopardy Clause by imposing an addition to tax for fraud under 26 U.S.C. § 6653(b) (1986), when he had previously been convicted of tax evasion for the same taxable years. He also challenges the Tax Court's conclusion that it lacked jurisdiction to review the IRS's jeopardy assessments against him. Finally, he asserts that the Tax Court erred in accepting the Commissioner's determination of his tax deficiencies. This court has appellate jurisdiction under 26 U.S.C. § 7482 (1994). We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Ward was the president of I & O Publishing during 1983, 1984, and 1985. I & O sold Ward's publications, and was located in Ward's home. Ward and I & O received taxable income in 1983, 1984, and 1985, but neither filed tax returns for those years. In 1993, a jury convicted Ward for tax evasion and Ward subsequently served a sentence in prison.

In 1990, the IRS had made jeopardy assessments against Ward and I & O. *See* 26 U.S.C. § 6861. The IRS then abated those assessments. In 1991, the IRS again made jeopardy assessments against Ward and I & O; Ward claims that the IRS seized over $300,000 in assets pursuant to these jeopardy assessments. The IRS then mailed to Ward and I & O statutory notices of tax deficiency. The IRS's calculation of Ward's tax liability included an addition for fraud under 26 U.S.C. § 6653(b)(1986).[1]

Ward and I & O filed petitions in Tax Court for a redetermination of their tax deficiencies. In Tax Court, they contended: (1)

The jeopardy assessments were improper; (2) The IRS incorrectly calculated their taxable income; and (3) The IRS's imposition of tax additions for fraud violated the Double Jeopardy Clause, in light of Ward's earlier prosecution.

The Tax Court did not address the challenge to the jeopardy assessments, stating that the issue "is not relevant to the issues before us." The Tax Court also concluded that Ward and I & O had failed to present any evidence to show that the IRS had improperly calculated the tax additions and deficiencies. The Tax Court finally concluded that the addition to tax for fraud did not violate the Double Jeopardy Clause. The Tax Court therefore held that Ward and I & O were liable for the calculated tax additions and deficiencies. Ward and I & O appealed the Tax Court's decision. I & O then voluntarily dismissed its appeal.

## ANALYSIS

We review double jeopardy claims de novo. *See United States v. Trigg*, 988 F.2d 1008, 1009 (9th Cir.1993). We also review de novo the Tax Court's jurisdiction. *See Billingsley v. Commissioner*, 868 F.2d 1081, 1084 (9th Cir.1989). We review for clear error factual findings by the Tax Court. *See Kelley v. Commissioner*, 45 F.3d 348, 350 (9th Cir.1995).

### I. Additions to Tax for Fraud and the Double Jeopardy Clause

Title 26 U.S.C. § 6653(b) allowed the IRS to increase Ward's tax because he engaged in fraud. Under the version of that statute that was effective for the years at issue, the IRS added to Ward's tax 50 percent of his underpayment plus 50 percent of the interest on that underpayment. Ward contends that the imposition of an addition to his tax for fraud is punishment. And, because he had already endured criminal prosecution and punishment for the same behavior, he argues that the tax addition violates the Double Jeopardy Clause. *See United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct.

---

1. Congress amended the tax code in 1989. An addition to tax for fraud occurring after 1989 is provided for at 26 U.S.C. § 6663 (Supp.1997).

*See* Omnibus Budget Reconciliation Act of 1989, Pub.L. No. 101–239, § 7721(a), 103 Stat. 2106 (1989).

1892, 1897, 104 L.Ed.2d 487 (1989) (Double Jeopardy Clause protects against multiple punishments for same offense). Ward's argument fails because the addition to his tax was not punishment.

In *Helvering v. Mitchell*, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938), the Supreme Court held that a 50% addition to tax for fraud did not violate the Double Jeopardy Clause because it was not "punishment." The Court stated:

> The remedial character of sanctions imposing additions to a tax has been made clear by this Court.... They are provided primarily as a safeguard for the protection of the revenue and to reimburse the government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud.

*Id.* at 401, 58 S.Ct. at 634. Thus, Ward's argument fails under *Mitchell*, as the Tax Court concluded.

Ward, however, argues that the Supreme Court modified the *Mitchell* rule in some of its more recent decisions. *See United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989); *Austin v. United States*, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993); *Department of Revenue v. Kurth Ranch*, 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994). Other circuits, however, and by implication our circuit, have rejected that argument.

In *United States v. Alt*, 83 F.3d 779, 781 (6th Cir.1996), the Sixth Circuit held that an addition to tax under section 6653(b) did not violate the Double Jeopardy Clause. The court relied on *Mitchell*, and concluded that a tax addition for fraud under section 6653(b) was not punishment. *Id.* The court noted that the Supreme Court's recent double jeopardy cases do not modify *Mitchell*:

> Together, [*Halper, Austin* and *Kurth Ranch* ] clearly suggest that *some* civil tax additions can be punishment. However, the three cases address extraordinary circumstances where a civil penalty either (i) had *no* remedial purpose, or (ii) was several times greater than necessary to achieve a remedial purpose.... In fact, the flagship of the three, *Halper*, cites *Mitchell* as

an example of a perfectly acceptable type of civil sanction.

*Id.* at 782 (citations omitted); *accord Thomas v. Commissioner*, 62 F.3d 97 (4th Cir.1995).

In *Grimes v. Commissioner*, 82 F.3d 286 (9th Cir.1996), this court clearly indicated that the imposition of fraud penalties under section 6653(b) is not punishment and that the *Mitchell* rule survives. There, we held that an addition to tax under section 6653(b) did not render the Tax Court proceeding quasi-criminal so that illegally seized evidence should be suppressed. *Id.* at 289. We said:

> Grimes argues that the imposition of fraud penalties renders the proceeding quasi-criminal. Two recent Supreme Court cases [*Kurth Ranch* and *Halper* ] addressing the definition of "punishment" for the purposes of the Double Jeopardy Clause give this argument a superficial appeal.
>
> Both of these decisions, however, cite with approval *Helvering v. Mitchell*, where the Court found the Tax Code's civil fraud penalties remedial in nature and not punitive for double jeopardy purposes.

*Id.* at 289–90 (citations omitted).

In the same vein, we held in *Little v. Commissioner*, 106 F.3d 1445 (9th Cir.1997), that the imposition of a tax addition under 26 U.S.C. § 6653(a) for negligence did not violate the Excessive Fines Clause of the Eighth Amendment. We stated:

> The additions to tax ... are purely revenue raising because they serve only to deter noncompliance with the tax laws by imposing a financial risk on those who fail to do so. Moreover, in rejecting a contention that a 50% addition to tax was not a tax but a criminal penalty, the Supreme Court held that the 50% addition was remedial....

*Id.* at 1454 (citing with approval *Mitchell*, 303 U.S. at 401, 58 S.Ct. at 634) (citations omitted). Thus, we conclude that *Mitchell* is alive and well in this circuit, as in others. We reject Ward's contrary argument.

## II. Jurisdiction to Review Jeopardy Assessments

 The United States District Court normally has exclusive jurisdiction to review an IRS jeopardy assessment. 26 U.S.C. § 7429(b)(2)(A) (Supp.1997). The Tax Court has concurrent jurisdiction only if the IRS made the jeopardy assessment after the taxpayer filed a petition in Tax Court for a redetermination of his tax deficiency. *Id.* § 7429(b)(2)(B). Here, Ward filed his petition in Tax Court in October 1991, and the IRS made the jeopardy assessments in April and May 1991. The Tax Court therefore lacked jurisdiction to review the jeopardy assessments. *See id.; accord Friko Corp. v. Commissioner,* 26 F.3d 1139, 1140–41 (D.C.Cir.1994) This court "lacks jurisdiction to decide an issue that was not the subject of the Tax Court proceeding or to grant relief that is beyond the powers of the Tax Court itself." *Commissioner v. McCoy,* 484 U.S. 3, 6, 108 S.Ct. 217, 218, 98 L.Ed.2d 2 (1987). Accordingly, we do not consider Ward's challenges to the jeopardy assessments.

## III. The Calculation of Ward's Tax Liability

 The Tax Court did not err in accepting the Commissioner's calculation of Ward's tax deficiency. Ward had the burden of showing that the Commissioner incorrectly calculated. *See Rockwell v. Commissioner,* 512 F.2d 882, 885 (9th Cir.1975). Although Ward insisted that the Tax Court should have reduced his tax deficiency by the value of the assets seized pursuant to the jeopardy assessments, he did not explain how the IRS may have improperly credited the seized assets, nor did he otherwise provide any cognizable argument to indicate how the Commissioner erred. We therefore uphold the conclusion of the Tax Court that the IRS correctly calculated Ward's liability.

## CONCLUSION

The tax addition for fraud did not violate the Double Jeopardy Clause because it was not punishment. The Tax Court lacked jurisdiction to consider Ward's challenges to the IRS's jeopardy assessments. Ward has failed to show that the IRS misapplied the proceeds from the seized assets or otherwise erred in calculating his tax deficiency.

## AFFIRMED.