145 F.3d 1342
 81 A.F.T.R.2d 98-2213, 98-1 USTC P 50,465
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Mortimer L. GRANT; Alice M. Grant, Defendants-Appellants,
and
Shields Investment Group; Grant Educational Equity Trust;
Irene Minkema; Robert M. Carlson; Santa Barbara National
Bank; Donald Heniger; Alexander Lomako; C.J. Kay Educational
Equity Trust; Michael Bishop, Defendants.
 No. 97-56124.
D.C. No. CV 95-6558-CBM.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 13, 1998**.
Decided May 22, 1998.
 
 Appeal from the United States District Court for the Central District of California Consuelo B. Marshall, District Judge, Presiding.
 Before SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mortimer Leslie Grant and Alice M. Grant appeal pro se the district court's order denying their motion for partial summary judgment in this action by the United States to reduce federal tax assessments to judgment. The Grants contend that civil fraud penalties imposed under 26 U.S.C. § 6653(b) violate the Double Jeopardy Clause because the Grants already have been criminally convicted and punished for willfully failing to file tax returns. We affirm.
 
 
 3
 Generally, a pretrial order denying a motion to dismiss on double jeopardy grounds is immediately appealable under the collateral order doctrine. See Abney v. United States, 431 U.S. 651, 662, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). The government contends that because the Grants seek protection from multiple punishments, rather than multiple prosecutions, their rights can be fully protected on appeal from final judgment, and so the collateral order doctrine does not apply. This contention lacks merit; if punishment is imposed, "then the constitutional right not to be doubly punished is lost, even if vindicated on appeal." United States v. Chick, 61 F.3d 682, 685 (9th Cir.1995).
 
 
 4
 The government also contends that we lack jurisdiction over Mr. Grant's appeal because he already has contested the fraud penalties in the Tax Court, and thus already has suffered the exposure to double jeopardy that an interlocutory appeal is meant to prevent. In other words, Grant does not face a trial on the fraud penalties because the Tax Court's determination of liability is res judicata. This contention lacks merit because Grant seeks protection from multiple punishments.
 
 
 5
 The Grants contend that the Double Jeopardy Clause bars their civil fraud penalties, which they argue are the same offense as criminal failure to file tax returns. This contention lacks merit because additions to tax for fraud are not punishment for double jeopardy purposes. See I & O Publ'g Co. v. CIR, 131 F.3d 1314, 1316 (9th Cir.1997).
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3