**John R. LOUIS, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 96–70808.

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 1999.*

Decided March 24, 1999.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed.

R.App. P. 34(a)(2).

Edward O.C. Ord and Christian M. Winther, Ord & Norman, San Francisco, California, for petitioner-appellant.

Theodore M. Doolittle, United States Department of Justice, Washington, D.C., for respondent-appellee.

Before: BROWNING, PREGERSON, and HAWKINS, Circuit Judges.

PER CURIAM:

After conviction and punishment for tax fraud during the years 1977 and 1978, John R. Louis ("Louis") challenges the IRS's imposition under 26 U.S.C. § 6653(b) of additions to tax for fraud for the years 1976, 1977 and 1978 as violative of: (1) the Double Jeopardy Clause; (2) the Eighth Amendment; and (3) the Fifth and Sixth Amendments. We review the tax court's rejection of Louis's challenges de novo and affirm.

## I.

■ This court recently held additions to tax for fraud to be a civil remedy, not a criminal punishment, and therefore beyond the scope of the Double Jeopardy Clause, which prohibits only multiple *criminal* punishments for the same offense. *See I & O Publishing Co., Inc. v. Commissioner of Internal Revenue Serv.*, 131 F.3d 1314, 1316 (9th Cir.1997). Shortly before *I & O Publishing* was filed, the Supreme Court decided *Hudson v. United States*, 522 U.S. 93, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997), which considered the nature of monetary penalties imposed on bank officers previously convicted of misapplying bank funds. *Hudson* laid out a two-step analysis to determine whether a penalty is civil or criminal. *See id.* at 493, 118 S.Ct. 488. Apparently *Hudson* was not called to the attention of the *I & O Publishing* panel, which concluded that additions to tax for fraud are not punishment but did not

explicitly employ the two-step *Hudson* test. We now apply that test and affirm.[1]

■ According to *Hudson*, determining whether a particular punishment is criminal or civil involves a two-step process: (1) statutory construction to determine whether Congress indicated an express or implied preference for one label or the other; and if Congress intended to establish a civil penalty, (2) an evaluation of " 'whether the statutory scheme [is] so punitive either in purpose or effect' " as to transform the intended civil sanction into a criminal penalty. *Id.* at 493, 118 S.Ct. 488 (quoting *United States v. Ward*, 448 U.S. 242, 248–49, 100 S.Ct. 2636, 65 L.Ed.2d 742 (1980)). The following factors are "useful guideposts" in determining whether the second step is satisfied:

(1) "[w]hether the sanction involves an affirmative disability or restraint"; (2) "whether it has historically been regarded as a punishment"; (3) "whether it comes into play only on a finding of *scienter* "; (4) "whether its operation will promote the traditional aims of punishment-retribution and deterrence"; (5) "whether the behavior to which it applies is already a crime"; (6) "whether an alternative purpose to which it may rationally be connected is assignable for it"; and (7) "whether it appears excessive in relation to the alternative purpose assigned."

*Id.* at 493, 118 S.Ct. 488 (quoting *Kennedy v. Mendoza–Martinez*, 372 U.S. 144, 168–69, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963)). These factors are to be considered in relation to the "statute on its face," and "only the clearest proof" will suffice to override legislative intent that a remedy be civil in nature. *Id.* at 493, 118 S.Ct. 488 (citing *Ward*, 448 U.S. at 249, 100 S.Ct. 2636).

## A.

There is no double jeopardy problem with the addition to tax for fraud imposed for

---

1. We reject Louis' argument that *I & O Publishing* and *Helvering v. Mitchell*, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938), on which *I & O Publishing* relied, are no longer good law after *Hudson*. The Supreme Court gave no indication in *Hudson* that it intended to disavow *Mitchell*. To the contrary, the Court repeatedly cited *Mitchell* approvingly. *See Hudson*, 522 U.S. at ——, ———————, 118 S.Ct. at 493, 495–96. Although the opinions in *Mitchell* and *I & O Pub-*

*lishing* focused only on the first step of the *Hudson* test (Congressional intent), rendering them somewhat incomplete, they are not wholly superseded, as Louis alleges. The conclusion in *Mitchell* and *I & O Publishing* that additions to tax for fraud are remedial in nature, not criminal, strongly indicates that there is no "clear proof" that the statutory scheme is "so punitive" as to be criminal.

1976, since Louis was not criminally prosecuted for that year. Turning to 1977 and 1978, it is clear Congress intended additions to tax for fraud to be "a civil, not a criminal, sanction." *Mitchell,* 303 U.S. at 402, 58 S.Ct. 630. *Mitchell*'s conclusion that Congress intended additions to tax for fraud to be a civil sanction is not limited to cases in which the taxpayer has previously been acquitted, rather than convicted, of criminal tax fraud. *See Mitchell,* 303 U.S. at 401–05, 58 S.Ct. 630.

### B.

■ Considering the "guidepost" factors laid out in *Hudson,* Louis has produced little evidence, much less the "clearest proof," that the additions to tax for fraud imposed in his case are so punitive as to overcome clear congressional intent that they be civil rather than criminal in nature. Additions to tax for fraud do not amount to an affirmative disability or restraint, nor have they historically been regarded as punishment. *See Hudson,* 522 U.S. at ——, 118 S.Ct. at 496. Their purpose is remedial; they "are provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud." *Mitchell,* 303 U.S. at 401, 58 S.Ct. 630; *see also I & O Publishing,* 131 F.3d at 1316. Even if deterrence is an additional purpose for the additions, the Supreme Court has recognized that monetary penalties may deter others without being criminal in nature. *See Hudson,* 522 U.S. at ——, 118 S.Ct. at 496 ("[T]he mere presence of this purpose is insufficient to render a sanction criminal.").

Several of the guidepost factors are present to some degree, but they are insufficient

to render the additions to tax criminal. Although it is certainly true that fraud, and therefore fraudulent intent, are prerequisites to the imposition of an addition to tax for fraud, punishing fraudulent intent is not the central focus of these additions to tax. The fraud requirement is designed to ensure that the additions are imposed only on taxpayers who engage in the type of deceptive behavior that is difficult and costly for the IRS to detect. *See Mitchell,* 303 U.S. at 401, 58 S.Ct. 630; *see also United States v. Alt,* 83 F.3d 779, 782–83 (6th Cir.1996) ("fraudulent filings are more difficult to catch than merely negligent ones"). To the extent this factor may favor a finding that the addition to tax is punitive, it does so only to a very limited degree.

■ It is clear that Congress intended tax fraud to be subject to both criminal sanctions and additions to tax for fraud. This factor alone, however, "is insufficient to render the money penalties ... criminally punitive." *Hudson,* 522 U.S. at ——, 118 S.Ct. at 496. Congress may impose both civil and criminal penalties in connection with the same proscribed behavior without violating the Double Jeopardy Clause. *See id.* at ——, ——, 118 S.Ct. at 493, 496.

Finally, while it is true that the magnitude of the addition will fluctuate somewhat over time as tax rates rise and fall, the addition achieves "rough justice" and is not "so divorced from the reality of what the government suffered in damages and expenses as to constitute punishment." *United States v. Morgan,* 51 F.3d 1105, 1115 (2d Cir.1995) (citing *United States v. Halper,* 490 U.S. 435, 449, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989) (overruled in part on other grounds by *Hudson,* 522 U.S. at —— – ——, 118 S.Ct. at 494–95)); *see also Alt,* 83 F.3d at 782.[2]

---

**2.** Louis argues that under *United States v. United States Shoe Corp.,* 523 U.S. 360, 118 S.Ct. 1290, 140 L.Ed.2d 453 (1998), charges assessed on an ad valorem basis can never be a valid method of reimbursing the government for its expenses. *United States Shoe Corp.* analyzed a "Harbor Maintenance Tax" (HMT) under the Exports Clause, which prohibits federal taxation of exports, but allows the government to charge user fees "as compensation for government-supplied services." *Id.* at ——, 118 S.Ct. at 1292. The Court concluded that the HMT, an ad valorem assessment based on the amount of cargo a ship

is carrying, did not "correlate reliably with the federal harbor services used," and was therefore a tax rather than a user fee. *Id.* at ——, 118 S.Ct. at 1295.

Louis relies on this language to argue that because additions to tax for fraud are an ad valorem assessment based on the amount of the underpayment of taxes, they do not "correlate reliably" with the government's costs. However, *United States Shoe Corp.*'s analysis was limited to the context of the Exports Clause. The Court noted that in other contexts, it has upheld ad valorem charges as a valid method of reimburs-

Moreover, even if we agreed with Louis that this final guidepost factor may suggest the additions to tax for fraud were punitive, it would be improper to elevate this factor to dispositive status, as the Court did in *Halper*. *See Hudson*, 522 U.S. at ——, 118 S.Ct. at 494.

## II.

 The Excessive Fines Clause of the Eighth Amendment prohibits the government from imposing excessive fines as punishment. U.S. Const. amend. VIII. Even a civil sanction may be punitive for Eighth Amendment purposes. *See Austin v. United States*, 509 U.S. 602, 610, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). A civil sanction is punitive if "it can only be explained as serving in part to punish." *Id.; see also United States v. Bajakajian*, 524 U.S. 321, ——, 118 S.Ct. 2028, 2034 n. 4, 141 L.Ed.2d 314 (1998). In making this determination, the court considers factors such as the language of the statute creating the sanction, the sanction's purpose(s), the circumstances in which the sanction can be imposed, and the historical understanding of the sanction. *See Bajakajian*, 524 U.S. at ——, 118 S.Ct. at 2033–35.

 Although § 6653(b)(3) provides an "innocent spouse exception" similar to the "innocent owner defense" of the forfeiture statute considered punitive in *Austin*, 509 U.S. at 619, 113 S.Ct. 2801, the statutory language provides no other indication of punitive intent. Furthermore, as we noted in Part II, the purposes of additions to tax for fraud are primarily remedial: to protect the revenue and to reimburse the government for the expense of investigating fraud. Moreover, unlike the forfeiture at issue in *Bajakajian*, additions to tax for fraud can be imposed regardless of whether the taxpayer has been convicted of a felony, and are not imposed as part of a criminal sentence. *See Mitchell*, 303 U.S. at 406, 58 S.Ct. 630 (taxpayer liable for additions to tax for fraud even though he was acquitted of the criminal charges).

The eighteenth-century predecessors to § 6653(b) which Louis cites do not support

his argument that additions to tax for fraud have historically been understood as punitive. The statutes merely provide that a person who did not pay his taxes was subject to a fine equal to a stipulated percentage of the underpayment. Louis has not shown that § 6653(b)'s many predecessors were considered punitive rather than remedial.

We therefore conclude that additions to tax for fraud are "properly ... characterized as remedial," *Austin*, 509 U.S. at 608 n. 4, 113 S.Ct. 2801, and as such, are not subject to review under the Excessive Fines Clause. *Cf. Little v. Commissioner*, 106 F.3d 1445, 1454 (9th Cir.1997) (finding that additions to tax for negligence under 26 U.S.C. § 6653(a) are remedial for purposes of the Excessive Fines Clause).

## III.

Louis' argument that the Fifth and Sixth Amendments were violated by the administrative assessment of additions to tax for fraud fails for the same reason as his Double Jeopardy challenge-the additions are civil, not criminal, in nature.

AFFIRMED.

---

ing the government. *See id.* at —— ——, 118 S.Ct. at 1294–95. Contrary to Louis' argument, *United States Shoe Corp.* does not hold that ad

valorem assessments are never sufficiently related to the government's costs to serve a remedial purpose.