NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 29 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IRA W. GENTRY, Jr.; LYNN M. GENTRY,

          Petitioners - Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE,

          Respondent - Appellee.

No. 23-4174

Tax Court No. 28712-11

MEMORANDUM*

Appeal from a Decision of the
United States Tax Court

Submitted May 26, 2026**

Before:    S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Ira W. Gentry, Jr. and Lynn M. Gentry (collectively, "Taxpayers") appeal

pro se from the Tax Court's decision, following a bench trial, upholding the

Commissioner of the Internal Revenue Service's ("IRS") determination of a

deficiency for tax year 2000. We have jurisdiction under 26 U.S.C. § 7482(a)(1).

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo the Tax Court's legal conclusions and for clear error its factual findings. *SNJ Ltd. v. Comm'r*, 28 F.4th 936, 941 (9th Cir. 2022). We affirm.

The Tax Court properly concluded that these civil proceedings were not barred by the doctrine of res judicata because the IRS's tax deficiency claims were not raised or could not have been raised in Mr. Gentry's prior criminal action. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). Likewise, the Tax Court properly declined to reduce Taxpayers' tax liability to the United States based on restitution that Mr. Gentry paid to individual victims to satisfy the criminal judgment against him. *See Schachter v. Comm'r*, 255 F.3d 1031, 1034 (9th Cir. 2001) (explaining differences between civil and criminal remedies).

The Tax Court properly concluded that the statute of limitations did not bar the IRS from assessing the liabilities in question due to Mr. Gentry's fraud. *See* 26 U.S.C. § 6501(c)(1); *Considine v. United States*, 683 F.2d 1285, 1288 (9th Cir. 1982) (there is no statute of limitations in the case of a false or fraudulent return).

The Tax Court did not clearly err by concluding that the evidence showed Mr. Gentry exercised control over the forfeited funds until he was convicted, and thus properly found that such funds were taxable income. *See Cohen v. United States*, 297 F.2d 760, 769 (9th Cir. 1962) ("[A]n unlawful gain, as well as a lawful one, constitutes taxable income when its recipient has such control over it that, as a

practical matter, he derives readily realizable economic value from it." (citation omitted)).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**