148 T.C. No. 3

UNITED STATES TAX COURT

DOUGLAS M. THOMPSON AND LISA MAE THOMPSON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6613-13.                          Filed February 2, 2017.

This case arose out of Ps' participation in a distressed asset
debt tax shelter. Ps conceded substantive issues related to this case
but contest the issue of liability for penalties under I.R.C. secs.
6662(h) and 6662A. Ps filed a motion to disqualify the Judge based
on Ps' belief that they cannot get a fair trial because the President of
the United States has the power under I.R.C. sec. 7443(f) to remove
the Judges of the Tax Court for cause. Ps also filed a motion to
declare the penalty under I.R.C. sec. 6662A unconstitutional as
violating the Excessive Fines Clause of the Eighth Amendment.

Held: I.R.C. sec. 7443(f) does not violate the Constitution and
we do not need to recuse ourselves on that basis.

Held, further, accuracy-related penalties under I.R.C. sec.
6662A do not violate the Eighth Amendment.

Joseph A. DiRuzzo III and Jeffrey J. Molinaro, for petitioners.

Nicole M. Connelly, Julia Ann Cannarozzi, Craig Connell, and Clare W. Darcy, for respondent.

OPINION

WHERRY, Judge:  Pending before the Court are petitioners' motion to disqualify the Judge and declare section 7443(f)[1] unconstitutional and petitioners' motion for judgment on the pleadings under Rule 120 and to declare section 6662A unconstitutional.

Background

The information below is based upon examination of the pleadings, moving papers, responses, and attachments submitted in connection with this case. Factual recitations are meant to provide context for our analysis of petitioners' motions and to set forth matters that appear undisputed.  They do not, however, constitute findings of fact in the event of a subsequent trial or trials.  Rule 1(b); Fed. R. Civ. P. 52(a).

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code (Code) in effect at all relevant times.  Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioners, Douglas and Lisa Mae Thompson, were married during the taxable years 2003-07 and filed their personal income tax returns jointly. Respondent determined the following Federal income tax deficiencies and penalties for tax years 2003-07 in a notice of deficiency issued on December 18, 2012:

| | | Penalties | |
|---|---|---|---|
| Year | Deficiency | Sec. 6662(h) | Sec. 6662A |
| 2003 | $90,822 | --- | --- |
| 2004 | 17,459 | --- | --- |
| 2005 | 116,124 | $46,450 | $67,228 |
| 2006 | 19,525 | --- | --- |
| 2007 | 11,575 | --- | ([1]) |

[1]Respondent also determined, in the alternative, a sec. 6662A penalty for 2005 of $4,816 and sec. 6662(h) penalties for 2003, 2004, 2005, 2006, and 2007 of $36,329, $6,984, $46,450, $7,810, and $4,630, respectively.

The deficiencies in petitioners' Federal income tax arose out of an alleged loss from a flow-through distressed asset debt transaction that petitioners reported on their Federal income tax return for the tax year 2005.[2] The loss was partially carried back to the 2003 and 2004 tax years and carried forward to the 2006 and 2007 tax years to shield petitioners' income from taxation. The source of the loss

[2]See generally Kenna Trading LLC v. Commissioner, 143 T.C. 322 (2014); Superior Trading LLC v. Commissioner, 137 T.C. 70 (2011), aff'd, 728 F.3d 676 (7th Cir. 2013).

was a listed transaction described in Notice 2008-34, 2008-1 C.B. 645.  Because

petitioners failed to disclose the relevant facts relating to the transaction,

respondent determined they are subject to a 30% penalty under sections 6662A(c)

and 6664(d)(2) (now section 6664(d)(3)).

Petitioners resided in California when they timely filed the petition.[3]  On

March 24, 2015, petitioners conceded that they were not entitled to the bad debt

deduction, which respondent disallowed, but they continue to contest the

determined penalties and interest.

Discussion

I.    Disqualification of a Judge and Constitutionality of Section 7443(f)

In their motion to disqualify the Judge and to declare section 7443(f)

unconstitutional, petitioners argue that we should recuse ourselves from

_____

[3]Note 2 of petitioners' motion for recusal of Judge filed on January 5, 2015, indicates that any appeal of this case would be to the Court of Appeals for the Eleventh Circuit, absent stipulation of the parties to the contrary as petitioners' residence is now in the State of Florida.  However, a review of the pleadings and documents in the record together with a later filed correction to petitioners' motion for recusal of Judge, establishes that petitioners' residence when the petition was filed was in California.  Therefore, any appeal would be to the Court of Appeals for the Ninth Circuit, absent stipulation of the parties to the contrary. See paragraph 2 of respondent's answer, petitioners' report filed on January 5, 2015, and sec. 7482(b)(1).

consideration of this case until the alleged constitutional infirmity of section 7443(f) is cured.

Section 7443(f) authorizes the President to remove Judges of the Tax Court "after notice and opportunity for public hearing, for inefficiency, neglect of duty, or malfeasance in office, but for no other cause." Petitioners contend that this section violates basic principles of separation of powers. In a recently released Opinion of this Court, however, we held that the Presidential authority to remove Tax Court Judges for cause under section 7443(f) is constitutional and that we need not recuse ourselves. Battat v. Commissioner, 148 T.C. __, __ (slip op. at 43) (Feb. 2, 2017); accord Kuretski v. Commissioner, 755 F.3d 929 (D.C. Cir. 2014), aff'g T.C. Memo. 2012-262, cert. denied, 135 S. Ct. 2309 (2015).

Petitioners did not advance in their motion any arguments that we have not addressed in Battat. Thus, we do not need to discuss this issue further. We decline to recuse ourselves in this case or declare section 7443(f) unconstitutional.

II.     Constitutionality of Section 6662A

A.     Legal Standard for Motion for Judgment on the Pleadings

"A judgment on the pleadings is a judgment based solely on the allegations and information contained in the pleadings and not on any outside matters." See Nis Family Trust v. Commissioner, 115 T.C. 523, 537 (2000) (citing Rule 120(a)

and (b)). The movant has the burden of showing entitlement to judgment on the pleadings, including "that the pleadings do not raise a genuine issue of material fact and that he is entitled to a judgment as a matter of law." Id.

Because petitioners argue that section 6662A is unconstitutional on its face and do not raise any issues as to its application to their particular situation, deciding this issue on a motion for a judgment on the pleadings is appropriate.

B.     Application of the Eighth Amendment to Section 6662A

Section 6662A(a) imposes a penalty on any reportable transaction understatement. If a taxpayer fails to adequately disclose a reportable transaction giving rise to an understatement under section 6662A, the penalty is imposed at a rate of 30%, and there are no available defenses. Secs. 6662A(c), 6664(d)(2). However, if a taxpayer sufficiently discloses the details of the transaction, the penalty rate is 20% of the amount of the reportable transaction understatement. Sec. 6662A(a). In this latter instance, a taxpayer may be able to avoid the penalty under section 6662A if he or she shows reasonable cause and good faith, as well as that there is or was substantial authority for a position he or she took on a tax return, and the taxpayer reasonably believed that such treatment was more likely than not the proper treatment of the transaction in question. Sec. 6664(d)(1) and (2).

The Eighth Amendment to the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." "The Excessive Fines Clause limits the government's power to extract payments, whether in cash or in kind, 'as punishment for some offense.'" Austin v. United States, 509 U.S. 602, 609-610 (1993) (emphasis in Austin) (quoting Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 265 (1989)).

In a case discussing application of the Double Jeopardy Clause to a State tax on possession of illegal drugs, the Supreme Court stated: "Criminal fines, civil penalties, civil forfeitures, and taxes all share certain features: They generate government revenues, impose fiscal burdens on individuals, and deter certain behavior. All of these sanctions are subject to constitutional constraints." Dep't of Revenue of Mont. v. Kurth Ranch, 511 U.S. 767, 778 (1994). At the same time, the Supreme Court recognized that taxes are typically motivated by revenue raising rather than punitive purposes. Id. at 779-780. "[N]either a high rate of taxation nor an obvious deterrent purpose automatically marks * * * [a] tax as a form of punishment." Id. at 780. Nevertheless, "at some point, an exaction

labeled as a tax approaches punishment, and our task is to determine * * * [when it] crosses that line." Id.[4]

To pass the constitutional proportionality inquiry under the Excessive Fines Clause, the amount of the forfeiture or fine must bear some relationship to the gravity of the offense that it is designed to punish. See United States v. Bajakajian, 524 U.S. 321, 334 (1998). The Court in Bajakajian noted that judgments about the appropriate punishment for an offense belong in the first instance to the legislature. Id. at 336. The Court then came up with the following test to be used by the trial courts: "If the amount of the forfeiture is grossly disproportional to the gravity of the defendant's offense, it is unconstitutional." Id. at 337. Thus, to answer the question whether section 6662A violates the Eighth Amendment, we need to answer two questions: (1) whether section 6662A constitutes punishment for an offense; and (2) whether the punishment is grossly disproportional to the gravity of the offense.

---

[4]We note that since the Supreme Court ruling in Dep't of Revenue of Mont. v. Kurth Ranch, 511 U.S. 767 (1994), this Court has held that a 75% addition to tax for fraud does not violate the Double Jeopardy Clause because it is "a civil sanction, imposed as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud." Ward v. Commissioner, T.C. Memo. 1995-286, aff'd sub nom. I&O Pub. Co. v. Commissioner, 131 F.3d 1314 (9th Cir. 1997).

This Court has stated before that "[t]he purpose of civil tax penalties is to encourage voluntary compliance." See Gorra v. Commissioner, T.C. Memo. 2013-254, at *63. On many occasions, different courts have ruled that Federal civil tax penalties are remedial, not punitive. In Helvering v. Mitchell, 303 U.S. 391, 401 (1938), the Supreme Court held that a civil fraud penalty under the Revenue Act of 1928 was remedial because it was primarily provided "as a safeguard for the protection of the revenue and to reimburse the [g]overnment for the heavy expense of investigation and the loss resulting from the taxpayer's fraud." In Little v. Commissioner, 106 F.3d 1445, 1454 (9th Cir. 1997), aff'g T.C. Memo. 1993-281, the Court of Appeals for the Ninth Circuit declined to extend the reasoning of Austin to the negligence and substantial understatement additions to tax of former sections 6653(a) and 6661. The court in Little reasoned that "[t]he additions to tax at issue * * * are purely revenue raising because they serve only to deter noncompliance with the tax laws by imposing a financial risk on those who fail to do so". Id. As such, the additions to tax in Little were not "punishment" and did not violate the Eighth Amendment.

Similarly, this Court has found contentions that civil tax penalties violate the Excessive Fines Clause to be meritless in numerous other cases. See, e.g., Acker v. Commissioner, 26 T.C. 107, 114 (1956) (stating that "additions to tax are

remedial in character, not penal or punitive", and therefore do not violate the Eighth Amendment); Gorra v. Commissioner, T.C. Memo. 2013-254 (holding that the 40% penalty under section 6662(h) does not violate the Excessive Fines Clause); Wilson v. Commissioner, T.C. Memo. 2002-234 (reiterating the principle that additions to tax, including the 75% civil fraud penalty under section 6663, are remedial rather than punitive); Louis v. Commissioner, T.C. Memo. 1996-257 (holding that 50% addition to tax for fraud imposed by former section 6653(b) did not violate the Eighth Amendment because it was remedial), aff'd, 170 F.3d 1232 (9th Cir. 1999).

Petitioners argue that because Congress intended section 6662A to deter taxpayers from entering into tax avoidance transactions, it is not purely remedial and is subject to review under the Eighth Amendment as a form of punishment. We are not persuaded by this argument. As the Supreme Court noted in Kurth Ranch, 511 U.S. at 780, "neither a high rate of taxation nor an obvious deterrent purpose automatically marks this tax as a form of punishment."

Discussion of the tax penalties with respect to listed or reportable transactions dates back to the end of 1990s. The Secretary of the Treasury stated that tax shelters represented the most significant compliance problem confronting the U.S. system of taxation. Lawrence H. Summers, U.S. Sec'y of the Treasury,

Remarks to the Federal Bar Association: Tackling the Growth of Corporate Tax Shelters (Feb. 28, 2000). Besides reducing tax base, tax shelters "breed disrespect for the system by participants and observers, and waste valuable public and private sector resources." S. Comm. on Finance, 107th Cong., Technical Explanation of Tax Shelter Transparency Act (News Release May 10, 2002). In response to that challenge, the Department of the Treasury issued regulations requiring disclosure of certain transactions and maintenance of customer lists by promoters of tax shelters. Secs. 301.6111-2, 301.6112-1, Proced. & Admin. Regs. However, the initial results were underwhelming. As a result, Congress enacted a number of penalties related to disclosure of certain transactions and failure to report them properly on tax returns as a part of the American Jobs Creation Act of 2004, Pub. L. No. 108-357, secs. 811(a), 812(a) 118 Stat. at 1575, 1577.

In that regard, it is instructive to consider the reasons for enacting a "sister" section of 6662A, section 6707A, which provides a penalty for failure to disclose reportable transactions:

> The Committee believes that the best way to combat tax shelters is to be aware of them. The Treasury Department, using the tools available, issued regulations requiring disclosure of certain transactions and requiring organizers and promoters of tax-engineered transactions to maintain customer lists and make these lists available to the IRS. Nevertheless, the Committee believes that additional legislation is needed to provide the Treasury

Department with additional tools to assist its efforts to curtail abusive transactions. * * *

H.R. Rept. No. 108-548 (Part I), at 261 (2004).  In explaining the reasons for enacting section 6662A, the House of Representatives Committee on Ways and Means stated:

Because disclosure is so vital to combating abusive tax avoidance transactions, the Committee believes that taxpayers should be subject to a strict liability penalty on an understatement of tax that is attributable to non-disclosed listed transactions or non-disclosed reportable transactions that have a significant purpose of tax avoidance.  Furthermore, in order to deter taxpayers from entering into tax avoidance transactions, the Committee believes that a more meaningful (but not a strict liability) accuracy-related penalty should apply to such transactions even when disclosed.

H.R. Rept. No. 108-548 (Part I), supra at 263.  This explanation makes it clear that the primary goal for enacting section 6662A was to reinforce voluntary compliance with the existing disclosure requirements and deter taxpayers from using tax shelters.  The penalty under section 6662A imposes a financial risk on those who fail to comply and serves a revenue-raising purpose.  Thus, the penalty under section 6662A is no different from penalties upheld in the cases discussed above and does not violate the Eighth Amendment.

Assuming arguendo that the Excessive Fines Clause is implicated in this case, the penalty under section 6662A is not so grossly disproportionate as to fail

the Bajakajian test. Petitioners argue that because of the way the penalty is calculated, it may be imposed even if there is no actual tax deficiency for the year in question. Moreover, the penalty is calculated at the highest applicable rate of tax. In petitioners' view, this makes the section 6662A penalty excessive and grossly disproportionate.

We disagree. The penalty under section 6662A applies only to listed transactions--which are considered per se abusive--and to reportable transactions if a significant purpose is avoidance or evasion of Federal income tax. See sec. 6662A(b)(2). The penalty is then imposed only if there is a "reportable transaction understatement" as defined in section 6662A(b). In many cases, tax shelters represent transactions generating tax losses without corresponding economic losses to investors. These tax losses can be carried back or forward to shield income from taxation over several years. Ironically, the facts of this case illustrate this concept very well. Petitioners entered into a listed transaction in 2005 and attempted to partially offset their income with fictitious losses over a span of five years, from 2003 to 2007. As a result, the potential harm to the fisc was spread over several years. Calculation of the section 6662A penalty is designed to quantify this harm by taking into account the full tax benefit a taxpayer may have

obtained as a result of engaging in a listed or reportable transaction. Thus, it is proportional to the harm caused and does not violate the Bajakajian test.

Finally, petitioners argue that the section 6662A 30% penalty for undisclosed transactions violates the Excessive Fines Clause because section 6662A imposes a higher penalty rate on undisclosed reportable transactions and takes away defenses that would be available for disclosed transactions. Again, we disagree. Legislative history makes it clear that Congress saw voluntary disclosure as a key element in curbing the abuse of tax shelters. By imposing a strict liability penalty at a higher rate on undisclosed transactions, Congress wanted to take away taxpayers' ability to ignore or manipulate the existing rules. Tax shelters are notoriously difficult to detect and hard to prosecute. Some promoters and taxpayers, aware of low tax return audit rates, consciously engage in attempts to game the tax system and get away with questionable transactions. The higher penalty may not even make up for the lost revenue and prosecution expenses related to detecting, prosecuting, and resolving these transactions. In any event, it serves as an important deterrent that alters taxpayers' cost-benefit analysis when they consider participating in reportable or listed transactions.

C.    <u>Conclusion</u>

Both petitioners' motion to disqualify the Judge and motion for judgment on the pleadings will be denied.  Section 7443(f) and penalties under section 6662A do not violate the United States Constitution.

<u>An appropriate order will be issued</u>.