THIS ORDER IS A
PRECEDENT OF THE
TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500

mbm

Mailed: August 18, 2017

Cancellation No. 92063494

*Prospector Capital Partners, Inc.*

*v.*

*DTTM Operations LLC*

Before Rogers, Chief Administrative Trademark Judge:

This proceeding now comes before the Board for consideration of (1) the motion by Prospector Capital Partners, Inc. ("Petitioner") to disqualify the Trademark Trial and Appeal Board, to transfer venue, to vacate, and to suspend proceedings, 21 TTABVUE, and (2) the response and cross-motion for final judgment by DTTM Operations LLC ("Respondent"). 22 TTABVUE. Petitioner's motion to disqualify shall be decided first. Because, as explained below, the motion to disqualify is denied, the opinion continues with a decision by a panel of the Board on the remaining matters.

## Background

Respondent is the owner of the following registrations ("TRUMP Registrations"):

- Registration No. 4859780, for the mark TRUMP, in standard characters, for "commercial information and advice for consumers; online and retail store services featuring golf accessories" in International Class 35 and "Golf course and club house services; golf courses; entertainment in the nature of golf tournaments; golf instruction; conducting of professional golf competitions;

social club services, namely, arranging, organizing, and hosting social events, get-togethers, and parties for club members" in International Class 41.[1]
- Registration No. 4874427, for the mark TRUMP, in standard characters, for "Political action committee services, namely, promoting public awareness of political issues" in International Class 35 and "Fundraising in the field of politics" in International Class 36.[2]
- Registration No. 4813593, for the mark TRUMP, in standard characters, for "Limousine services" in International Class 39.[3]
- Registration No. 4087954, for the mark TRUMP, in standard characters, for "Gambling services" in International Class 41.[4]
- Registration No. 4462986, for the mark TRUMP and Design, for "Toothbrush holders; soap dishes; drinking glasses, namely, tumblers; lotion dispensers; soap dispensers; cotton ball jars; trays not of precious metal; ceramic tissue box covers" in International Class 21 and "bed blankets; duvets; duvet covers; bed skirts; quilts; pillow shams; comforters; shower curtains; towels; wash cloths" in International Class 24.[5]
- Registration No. 3360783, for the mark TRUMP and Design, for "Jewelry" in International Class 14.[6]
- Registration No. 3687022, for the mark TRUMP, in standard characters, for "Dress shirts" in International Class 25.[7]

On April 11, 2016, Petitioner filed a petition to cancel Respondent's TRUMP Registrations on the ground of abandonment. In support of its asserted claim, Petitioner, *inter alia*, pleads that "it is the owner of the mark TRUMP YOUR COMPETITION, with an application pending to register the same, bearing Serial No.

---

[1] Registration No. 4859780, issued on November 24, 2015.

[2] Registration No. 4874427, issued on December 22, 2015.

[3] Registration No. 4813593, issued on September 15, 2015.

[4] Registration No. 4087954, issued on January 17, 2012.

[5] Registration No. 4462986, issued on January 7, 2014.

[6] Registration No. 3360783, issued on December 25, 2007; § 8 and § 15 declarations accepted and acknowledged.

[7] Registration No. 3687022, issued on September 22, 2009; § 8 and § 15 declarations accepted and acknowledged.

86,116,800"[8] and common law rights in the TRUMP YOUR COMPETITION mark. *See* preamble of Petitioner's petition to cancel.

In lieu of filing an answer to the petition to cancel, Respondent filed a motion to dismiss for failure to state a claim upon which relief can be granted. 4 TTABVUE. On February 28, 2017, a panel of the Board granted Respondent's motion to dismiss, concluding that the petition did not properly allege Petitioner's standing or its claim of abandonment; but in accordance with well-established Board practice, the panel allowed Petitioner twenty days from the mailing date of the Board's order in which to file and serve an amended petition to cancel that properly pleaded both standing and a valid claim for relief, failing which, the panel advised Petitioner, the petition to cancel would be dismissed with prejudice. 20 TTABVUE.

Petitioner did not file an amended petition to cancel, but rather filed a motion to disqualify the Board, to "transfer" venue of this proceeding to the United States District Court in the Central District of California (Santa Ana), to vacate the Board's February 28, 2017 "orders and findings" for new hearing in the district court, and to suspend proceedings. 21 TTABVUE.

## Petitioner's Motion to Disqualify

Petitioner asserts that the Board should be disqualified from hearing this proceeding because the President of the United States, Donald J. Trump, holds an interest in the TRUMP Registrations. 21 TTABVUE at 3. Petitioner contends that the Board is incapable of fairly adjudicating the issues before it because the Board's

---

[8] On May 3, 2016, this application matured into Registration No. 4948838.

Administrative Trademark Judges are appointed by the "Secretary of Commerce, who serves under the President, [and] has the authority to hire or fire" the Board's Administrative Trademark Judges, which Petitioner believes will influence the Board's decision-making process. *Id.* at 4-7. Petitioner cites to and quotes from an online blog posting of a "watchdog group," Project On Government Oversight, and states that "Plaintiff agrees with the statements" in the blog. *Id.* at 3-5. Petitioner also invokes Title 28 of the United States Code, which deals with the operations of the judicial branch of the government and argues for its application to the Board, an administrative tribunal that is part of the executive branch.

First, the Board is not a "court" as defined by 28 U.S.C. § 451; and Administrative Trademark Judges of the USPTO's Trademark Trial and Appeal Board are not judges of any such court. 28 U.S.C. § 451 ("The term 'judge of the United States' includes judges of the courts of appeals, district courts, Court of International Trade and any court created by Act of Congress . . . ."). Therefore, the judicial disqualification provision in 28 U.S.C. § 455 is inapplicable to these proceedings. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115 (9th Cir. 2003) (administrative law judges do not fall within 28 U.S.C. § 455); *Greenberg v. Bd. of Governors of Fed. Res. Sys.*, 968 F.2d 164, 166-67 (2d Cir. 1992) (same).

Second, a "presumption of regularity attaches to the procedures of government agencies" and any order issued by an agency. *See, e.g., U.S. Postal Serv. v. Gregory*, 534 U.S. 1, 10 (2001); *Busboom Grain Co. v. I.C.C.*, 830 F.2d 74, 75 (7th Cir. 1987). *Cf. U.S. v. Chem. Found., Inc.*, 272 U.S. 1, 14 (1926) ("In the absence of clear evidence

to the contrary, courts presume that they have properly discharged their official duties."). Further, Petitioner's assertion that Board judges will be influenced by the asserted possibility that they can be easily removed from their positions is based entirely on supposition and not any established facts. The Board's management of its docket of cases, assignment of personnel to work on these cases, and ultimate determination of the merits of cases, is not based on such supposition, but on the facts of each case. Here, Petitioner provides us no facts whatsoever to support its asserted suspicions that the President or the Secretary of Commerce has, or will in the future, assert improper influence on the Board's statutory responsibility to decide this cancellation proceeding based on the evidence and facts of record and the applicable law.[9] As such, this motion to disqualify is utterly devoid of merit. *See Martino v. U.S. Dep't of Agric.*, 801 F.2d 1410, 1413 (D.C. Cir. 1986) (rejecting unsupported allegation that agency decisionmaker was under the control of a superior office).[10]

---

[9] Nor has Petitioner alleged specific facts showing that any of the Board's judges have a direct, personal, pecuniary, or substantial interest in the outcome of the proceeding. Such a showing is typically required to demonstrate a conflict of interest that would warrant recusal.

[10] The Administrative Procedure Act imposes legal barriers against exertion of improper influence. Among other things, it prohibits *ex parte* contact with agency decisionmakers concerning the merits of the matter before the agency, and imposes a serious penalty— rejection of the party's position in the case—upon proof that the party engaged in any such improper *ex parte* contact. *See* 5 U.S.C. § 557(d)(1).

In addition, civil service laws and procedures, applicable to the removal of judges of the Board under 35 U.S.C. § 3(c), negate the suggestion that the President could hire or fire judges based on mere disagreement with a decision made in this case. *See, e.g.,* 5 U.S.C. § 2302(b)(10) (making it a prohibited personnel practice to "discriminate for or against any employee . . . on the basis of conduct which does not adversely affect the performance of the employee . . . ."); 5 U.S.C. § 4303 (providing procedures to remove federal employees for "unacceptable performance"); 5 U.S.C. § 7513(a) (providing procedures to remove a federal employee "only for such cause as will promote the efficiency of the service"); 5 U.S.C. § 7701 (providing appeal to the Merit Systems Protection Board).

The Board is given express statutory responsibility in Section 17(a) of the Trademark Act, which addresses trial proceedings at the Board, "to determine and decide the respective rights of registration." 15 U.S.C. § 1067(a). The Board's statutory authority to determine the rights of registration in a cancellation proceeding extends to all registrations, irrespective of the identity of the owner of a registration. The Board is not relieved of its statutory duty to determine rights to registration because a party is directly or indirectly connected with the United States government. *Cf. Thompson v. Comm'r of Internal Revenue*, 148 T.C. No. 3, No. 6613-13 (T.C. Feb. 2, 2017) (denying motion to disqualify judge on ground that judge would be biased because the President of the United States has the power to remove judges of the Tax Court for cause); *Cheney v. U.S. Dist. Court. for Dist. of Columbia*, 541 U.S. 913 (2004) (denying motion to recuse Justice Scalia based on a personal relationship with former Vice President Cheney).

By Petitioner's argument, there would exist entire categories of applications and registrations (those owned by, or connected to, the United States government or any of its officers or agencies) for which the Board would, *per se*, be unable to fulfill its statutory obligations. Such a state of affairs would be absurd. The Board must and does adjudicate all proceedings properly brought before it. *Cf., e.g., U.S. Navy v. U.S. Mf'g Co.*, 2 USPQ2d 1254 (TTAB 1987) (determining likelihood of confusion with respect to mark owned by the United States Navy); *Dep't of Justice, FBI v. Calspan Corp.*, 196 USPQ 326 (TTAB 1977) (determining likelihood of confusion with respect to mark owned by the United States Department of Justice); *FTC v. Formica Corp.*,

6

200 USPQ 182, 186 (TTAB 1978) (finding that the Federal Trade Commission has standing to seek to cancel a registered trademark); *Jimlar Corp. v. Army and Air Force Exchange Serv.*, 24 USPQ2d 1216 (TTAB 1992) (determining likelihood of confusion with respect to mark owned by The Army and Air Force Exchange Service).

Finally, to the extent Petitioner is dissatisfied with whatever *final* decision[11] the Board renders in this proceeding, it may seek judicial review by filing an appeal to the United States Court of Appeals for the Federal Circuit or through filing of a civil action in a federal district court. 15 U.S.C. § 1071. The United States Court of Appeals for the Federal Circuit and the federal district courts are part of the judiciary branch, established pursuant to Article III, Section I of the United States Constitution, which is independent of the executive and legislative branches of government. *See Mistretta v. U.S.*, 488 U.S. 361, 410 n.32 (1989). Thus, in enacting the Trademark Act, Congress provided for review of all final decisions from the Board by a judiciary independent of the other two branches of government.

In sum, Petitioner has set forth no basis whatsoever for its assertion that the Board lacks the independence necessary to make unbiased decisions in this proceeding. Accordingly, Petitioner's motion for the entire Board to disqualify itself from hearing this proceeding is **DENIED**.[12]

---

[11] *See Copelands' Enters., Inc. v. CNV, Inc.*, 887 F.2d 1065, 1067-68 (Fed. Cir. 1989) (en banc) (Federal Circuit may hear appeals only of final decisions of the TTAB, i.e., decisions which "put an end to the litigation before the Board" and allow for the raising "all claims of error in a single appeal").

[12] Petitioner is reminded that interlocutory decisions and orders of the Board, i.e., decisions and orders that do not finally determine the merits of a Board trial case are not appealable. See authorities collected in TBMP § 901.02(a) (June 2017).

Before Richey, Deputy Chief Judge of the Trademark Trial and Appeal Board, Wolfson and Pologeorgis, Administrative Trademark Judges.

By the Board:

### **Petitioner's Motion to "Transfer" and Vacate Prior Board Order**

Petitioner requests that the Board "transfer" this proceeding to a United States District Court in the Central District of California and that "all previously heard motions be heard anew and *de nova* [sic] before that District Court and that the Findings and Orders issued by the Board on February 28th, 2017 be vacated."[13] 21 TTABVUE at 7.

To the extent Petitioner's request seeks judicial review of the Board's order by a federal district court under Section 21(b), 15 U.S.C. § 21(b), it constitutes a premature request for review of an interlocutory order. *See Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 517 F.Supp.2d 1, 4 (D.D.C. 2007) (interpreting Section 21(b) to require a final decision of the Board). As to appeals under Section 21(a), 15 U.S.C. § 1071(a), the Federal Circuit also has held that a party may only seek review of a *final* Board order in that court. *See Copelands' Enters.*, 12 USPQ2d at 1565; TBMP § 901.02(a) (June 2017). The Board's February 28, 2017 order did not result in a final disposition of the case, but rather provided Petitioner with time to remedy the identified defects in its pleading by filing an amended petition to cancel. As a consequence, no reviewing

---

[13] Although Petitioner requests that all "orders and findings" be vacated, it appears that Petitioner's demand is that the Board's February 28, 2017 order and any findings integral to that order be specifically vacated.

court has jurisdiction to review the order or any other interlocutory orders by the Board in this case at this time.[14]

To the extent Petitioner seeks to have the Board order the district court in California to adjudicate this cancellation proceeding, the Board does not have the power or authority to "transfer" a proceeding to a district court. *Cf.* 28 U.S.C. § 1404 (authorizing a district court to transfer a civil action to any other appropriate district court). A United States district court derives its power from Article III of the United States Constitution. The Board is not an Article III court, but rather an administrative tribunal statutorily empowered to determine and decide rights of registration. 15 U.S.C. § 1067; *see also B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1301-1305, 113 USPQ2d 2045, 2049-52 (2015); *In re Gov't of the Dist. of Columbia*, 101 USPQ2d 1588, 1602 (TTAB 2012), *aff'd*, 731 F.3d 1326, 108 USPQ2d 1226 (Fed. Cir. 2013). While a district court also has certain power over trademark registrations pursuant to Section 37 of the Trademark Act, 15 U.S.C. § 1119, the Board does not have the statutory authority to direct action by a district court.

If Petitioner seeks to litigate its claims in the first instance in federal court, it must file an appropriate action in a district court, a basic procedural fact with which counsel for Petitioner should be familiar. The parties have not apprised the Board of a pending civil action, however. Moreover, even where parties alert the Board that they are involved in civil litigation that may have a bearing on the proceeding before

---

[14] Furthermore, even where the Board issues a final decision that may properly be appealed, the dissatisfied party must follow the procedures set forth in Trademark Rule 2.145, 37 C.F.R. § 2.145.

9

the Board, the Board would, at most, *suspend* its proceeding pending final determination of the civil action. *See* Trademark Rule 2.117(a), 37 C.F.R. § 2.117(a); *Gen. Motors Corp. v. Cadillac Club Fashions Inc.*, 22 USPQ2d 1933, 1936-37 (TTAB 1992). The Board would then resume the cancellation proceeding upon final determination of the civil action. But the existence of litigation in a district court does not require, and would not by itself support, the dismissal or "transfer" of a cancellation proceeding.

In view of the foregoing, Petitioner's motion to transfer this proceeding to the United States District Court for the Central District of California is **DENIED**. Petitioner's request for a suspension of this proceeding pending "transfer" is **DENIED** as moot.

<strong><u>Respondent's Cross-Motion for Default Judgment</u></strong>

On April 3, 2017, Respondent filed a combined response to Petitioner's motion to disqualify, transfer, and suspend and a cross-motion for default judgment based on Petitioner's failure to file an amended petition to cancel by the deadline set forth in the Board's February 28, 2017 order. Petitioner did not file a response to Respondent's cross-motion for judgment.[15] The Board may grant a motion as conceded where a party fails to file a timely brief in response. Trademark Rule 2.127(a), 37 C.F.R. § 2.127(a). The Board may exercise its discretion, however, and refuse to treat an uncontested motion as conceded and consider the motion on the merits. *See Boyds*

---

[15] In light of the Board's denial of Petitioner's motion to disqualify, to transfer, and suspend, Respondent's response addressing Petitioner's arguments on those points need not be considered.

*Collection Ltd. v. Herrington & Co.*, 65 USPQ2d 2017, 2018 (TTAB 2003); *Int'l Fin. Corp. v. Bravo Co.*, 64 USPQ2d 1597, 1599 (TTAB 2002).

The Board exercises its discretion to consider Respondent's cross-motion for default judgment on the merits, rather than grant it as conceded. Respondent argues that default judgment should be entered against Petitioner for failure to timely file an amended petition to cancel that properly pleaded its standing and stated a valid claim for relief. Petitioner's motion to disqualify was filed within the twenty day period set forth by the Board's order, however. Petitioner apparently concluded, although incorrectly, that the pendency of its motion to disqualify and request for transfer meant it did not need to file an amended petition to cancel, as allowed by the Board's order, to avoid dismissal of the petition. In view of this misunderstanding, and although the Board ultimately denied Petitioner's motion to disqualify and transfer, the Board exercises its discretion, through its inherent authority to schedule cases on its docket, not to enter default judgment in this case where Petitioner timely responded with a motion in lieu of filing an amended petition to cancel. *See, e.g.*, Trademark Rule 2.117(c), 37 C.F.R. § 2.117(c); TBMP § 510.01. As reflected below, the reset schedule allows Petitioner a second opportunity to file an amended petition to cancel.

All of the foregoing notwithstanding, as held in the Board's February 28, 2017 order, Petitioner's April 11, 2016 petition to cancel fails to allege standing adequately and fails to state a claim upon which relief may be granted. Petitioner has until **twenty days** from the mailing date of this order in which to file and serve an

amended petition to cancel that properly pleads its standing and states a valid claim for relief, **failing which the petition to cancel will be dismissed with prejudice**. The due date for a legally sufficient amended pleading may not be extended except upon agreement of the parties, should they inform the Board that they have entered into settlement discussions. Petitioner is reminded of the applicability of Federal Rule of Civil Procedure 11 to this proceeding. *See also* Trademark Rule 11.18, 37 C.F.R. § 11.18.

In turn, Respondent is allowed until **twenty days** from the date of service of the amended petition to cancel in which to file and serve an answer or otherwise respond to the amended pleading.

Proceedings herein are resumed. Remaining discovery, disclosure, and trial dates are reset as follows:

| | |
|---|---|
| Deadline for Discovery Conference | **October 27, 2017** |
| Discovery Opens | **October 27, 2017** |
| Initial Disclosures Due | **November 26, 2017** |
| Expert Disclosures Due | **March 26, 2018** |
| Discovery Closes | **April 25, 2018** |
| Plaintiff's Pretrial Disclosures Due | **June 9, 2018** |
| Plaintiff's 30-day Trial Period Ends | **July 24, 2018** |
| Defendant's Pretrial Disclosures Due | **August 8, 2018** |
| Defendant's 30-day Trial Period Ends | **September 22, 2018** |
| Plaintiff's Rebuttal Disclosures Due | **October 7, 2018** |
| Plaintiff's 15-day Rebuttal Period Ends | **November 6, 2018** |
| BRIEFS SHALL BE DUE AS FOLLOWS: | |
| Plaintiff's Main Brief Due | **January 5, 2019** |
| Defendant's Main Brief Due | **February 4, 2019** |
| Plaintiff's Reply Brief Due | **February 19, 2019** |

Generally, the Federal Rules of Civil Procedure and the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125, 37 C.F.R. §§ 2.121-2.125. These include pretrial disclosures, the manner and timing of taking testimony, matters in evidence, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b), 37 C.F.R. § 2.128(a)-(b). Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a), 37 C.F.R. § 2.129(a).